IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

PATRICK HOBBS,

                Petitioner,

        vs.                                    **Case No. 06-3133-RDR**

DAVID R. McKUNE, Warden,
Lansing Correctional Facility,

        and

PHILL KLINE, Attorney General,
State of Kansas,

                Respondents.

_____

MEMORANDUM AND ORDER

        This case is before the court upon petitioner's request for
relief pursuant to 28 U.S.C. § 2254.  Petitioner was convicted
in the district court of Wyandotte County, Kansas in 2001 of
involuntary manslaughter in violation of K.S.A. 21-3404,
aggravated battery in violation of K.S.A. 21-3414, and leaving
the scene of the injury accident in violation of K.S.A. 8-1602.
He was sentenced to consecutive prison terms of 128 months, 34
months and 12 months, respectively.  His convictions were
affirmed on direct appeal in 2003.  Petitioner sought state
habeas relief on July 13, 2004.  That petition was denied
initially in 2005 and, on March 17, 2006, the denial of state
habeas relief was affirmed by the Kansas Court of Appeals.
Petitioner did not appeal that decision to the Kansas Supreme

Court.  Petitioner filed the instant request for federal habeas corpus relief on May 4, 2006.

I.  Factual background

Petitioner's convictions arise from a vehicular collision. On June 5, 2000, following a music concert at Sandstone Amphitheater in Bonner Springs, Kansas, traffic was backed up on state highway K-7 heading south towards the I-70 interchange. The vehicles were either stopped or going very slowly in the normal lanes of traffic. Petitioner was driving a Ford Explorer much faster than the other vehicles on the right shoulder of K-7 and then attempted to cut left into the normal lanes of traffic. He struck a Chevrolet Camaro, which caused the Explorer to go airborne and strike two other vehicles, a Ford Thunderbird and a Jeep Wrangler.  The Explorer came to rest on the driver's side.  Petitioner exited the Explorer and left the scene of the accident.  He suffered minor injuries.  As a result of the collision, a passenger in the Camaro died, the driver of the Camaro suffered serious injuries, and the driver of the Thunderbird was also injured.  Petitioner appeared at a hotel approximately two miles from the accident site and asked to use the phone.  The police were notified, but petitioner evaded the police when they saw him outside the hotel.  Eventually, petitioner was located by the police a few hours after the

2

accident and taken into custody.  Initially, petitioner gave a false name and volunteered statements which seemed to acknowledge that he was in trouble because of the accident. Petitioner declined breath and blood testing.  But, he was transported to Providence Medical Center where blood was taken from him over his objection.  The blood alcohol content was .07 grams per 100 milliliters, which was within the legal limit.

During the trial, the prosecution obtained the presence of several out-of-state witnesses by mailing subpoenas to them without first securing permission and assistance from the witnesses' state or county of residence in accordance with the Uniform Act to Secure Attendance of Witnesses from Without State, K.S.A. 22-4201 et seq.

Petitioner had three prior felony convictions before he was charged and sentenced on the case under review here.  Petitioner had a conviction for attempted possession of marijuana with intent to sell in 1998 and a conviction for a residential burglary in 1996.  Petitioner also had a conviction for burglary in 1994 when he was a juvenile.  Petitioner argues that he was improperly sentenced in the case under review because the 1994 conviction for burglary was treated by the sentencing court as a severity level 7, person felony when it should have been treated as a non-person felony.

Additional facts will be discussed as the arguments of petitioner and respondent are described and analyzed.

II. <u>Habeas standards</u>

A writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or, "was based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. § 2254(d)(1)&(2). State court factual findings are presumed correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

The Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in our cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id</u>. at 413.

4

The law limits the authority of the court to hold an evidentiary hearing upon petitioner's application for relief:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that – – (A) the claim relies on – – (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

   III.  <u>Arguments for relief</u>

      A.  <u>Sentence calculation</u>

Petitioner's first argument for relief is that petitioner's sentence was improperly calculated in violation of the federal constitution.   Petitioner was sentenced under the Kansas sentencing statutes on the basis of having a "B" criminal history because petitioner allegedly had two prior "person" felonies on his record.   See K.S.A. 21-2704.   Petitioner contends that he should have been sentenced on the basis of having a "C" criminal history because he had only one prior "person" felony.   The ruling made a significant impact upon petitioner's sentence.

The two alleged "person" felonies are the two burglary

convictions mentioned in the factual background portion of this opinion.  It is the 1994 conviction which is controversial in this case.

Pursuant to a plea agreement in 1994, petitioner pleaded guilty to:

> COUNT II - Further, that on or about the 20th day of October, 1994, in the County of Johnson, PATRICK T. HOBBS did then and there unlawfully, willfully, feloniously, knowingly and without authority enter into a building, to wit:  house owned by Cynthia Britt, which is a dwelling with the intent to commit a theft, a severity level 7 <u>non-person</u> felony, therein, in violation of K.S.A. 21-3715.

(Emphasis added).

The journal entry of conviction states that petitioner admitted his guilt to Count II of the complaint.  It does not state that Count II has been amended.  The journal entry lists the conviction as a "non-person" felony, but does not state a specific factual basis or describe the "non-person" felony to which petitioner pleaded guilty.  K.S.A. 21-3715 is listed in the journal entry as the statute of conviction but, as in the complaint, no subsection is listed.

K.S.A. 21-3715(a) provides:  "Burglary is knowingly and without authority entering into . . . any . . . [b]uilding . . . which is a dwelling with intent to commit . . . theft."  The statute further provides:  "Burglary as described in subsection (a) is a severity level 7, <u>person</u> felony."  (Emphasis added).

6

It should be noted that subsections (b) and (c) of 21-3715 describe non-residential burglaries which are categorized as "non-person" felonies. However, to repeat, the burglary of a "dwelling" as alleged in the count of the complaint to which petitioner pleaded guilty is a "person" felony under K.S.A. 21-3715(a).

Thus, although the language of the statute states that the violation of K.S.A. 21-3715(a) for burglary of a building "which is a dwelling" is a "person" felony, the language of the complaint and the journal entry state that the violation of K.S.A. 21-3715 to which petitioner pleaded guilty was a "non-person" felony.

When defendant was sentenced on a marijuana charge in 1998, the presentence report listed the 1994 burglary conviction as a "person" felony and also as a "residential burglary." There was no objection at that time to this conclusion. The sentencing court for the conviction and sentence challenged here relied upon that presentence report and the record in the 1998 marijuana case to conclude that the categorization of the 1994 burglary charge as a "non-person" felony was a clerical error. Petitioner suggests that perhaps the allegation of "dwelling" in the 1994 criminal complaint was a clerical error. Obviously, the state court did not make that finding.

7

Petitioner asserts that the state courts have violated federal law, citing the case of <u>Shepard v. United States</u>, 544 U.S. 13 (2005).  In <u>Shepard</u>, the Court held that, for the purposes of applying the Armed Career Criminal Act, 18 U.S.C. § 924(e), a court should determine whether a defendant has prior convictions for violent felonies in pleaded cases on the basis of:  statutory definitions; the terms of the charging document; the terms of the plea agreement; a transcript confirming the factual basis for a plea of guilty; and any explicit factual finding by a trial judge to which a defendant assented.  544 U.S. at 16.

We believe the <u>Shepard</u> case does not provide grounds for habeas relief in this case for the following reasons.  First, <u>Shepard</u> does not state a principle of constitutional law.  It involves the application of a federal criminal statute which is not at issue here.  Second, <u>Shepard</u> expressly permits the consideration of statutory definitions.  In this instance, the burglary statute in Kansas states that a burglary of a "dwelling" is a "person" felony.  It appears to the court that the sentencing court considered this fact when it sentenced petitioner and concluded that the notation of "nonperson" felony in the 1994 complaint and journal entry was a clerical error.  Therefore, the <u>Shepard</u> rule was not violated by the state court

8

in this case.  Third, the <u>Shepard</u> case has not been applied retroactively in habeas cases.  See <u>Cluck v. Shannon</u>, 2006 WL 1648947 (E.D.Pa. 2006); <u>McCollum v. Revell</u>, 2006 WL 1663735 (S.D.Ill. 2006).  Petitioner's conviction in this case was final before the <u>Shepard</u> case was decided by the Supreme Court.  A petitioner for habeas corpus relief generally cannot enforce a new rule of law.  <u>Medellin v. Dretke</u>, 544 U.S. 660, 665 (2005).  Therefore, the <u>Shepard</u> case is not good authority for habeas relief in this case even if it represented a new rule of constitutional law.

We also reject petitioner's citation to <u>State v. Kralik</u>, 80 P.3d 1175 (Kan.App. 2003) as grounds for habeas relief.  While <u>Kralik</u> states that a certified copy of a journal entry of conviction is the best evidence of a prior conviction, it does not hold that it is the only evidence or that it is essential evidence or that an ambiguity in a journal entry of a conviction cannot be resolved with reference to other evidence.  Indeed, <u>Kralik</u> discusses a case where a journal entry failed to specify whether a burglary was a residential burglary and this issue was clarified by reference to a complaint.  See <u>State v. Hankins</u>, 880 P.2d 271 (1994).  In sum, we do not consider <u>Kralik</u> to be authority that petitioner's federal constitutional rights or state law rights were violated by the sentencing decisions in

his case.

      B.  <u>Sentencing on the basis of a juvenile adjudication</u>

Petitioner's second argument for relief is that the Kansas courts improperly relied upon juvenile adjudications to increase petitioner's sentence beyond the statutory maximum in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Petitioner cites the cases of <u>U.S. v. Tighe</u>, 266 F.3d 1187 (9th Cir. 2001) and <u>Richardson v. Evans</u>, 1996 WL 603278 (10th Cir. 1996) in support of his argument.

In <u>Tighe</u>, the Ninth Circuit held that a nonjury juvenile adjudication could not be counted to enhance the maximum sentence available under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  In <u>Richardson</u>, an unpublished decision, the Tenth Circuit held that a prior felony conviction in Texas could not be used to enhance a sentence for an Oklahoma offender if the Texas crime would have been a misdemeanor if it had been committed in Oklahoma.

We reject this argument by petitioner for the following reasons.  First, the undersigned judge and other judges in this district have refused to apply the <u>Tighe</u> holding in similar habeas cases.  <u>Turner v. State of Kansas</u>, No. 04-3375 (D.Kan. 4/13/05) (Judge Rogers); <u>Jones v. Roberts</u>, 2006 WL 2989237 (D.Kan. 10/19/2006) (Judge Crow); <u>Hernandez v. Bruce</u>, 2006 WL

314352 (D.Kan. 1/26/2006) (Judge Robinson).  These cases have noted that even the Ninth Circuit has rejected Tighe as grounds for habeas relief.  See Boyd v. Newland, 2006 WL 3026021 (9th Cir. 2006).  The Kansas Supreme Court has also refused to follow Tighe.  State v. Hitt, 42 P.3d 732, 740 (2002) cert. denied, 537 U.S. 1104 (2003).  In addition, the facts of the Richardson case are distinguishable from the facts in this case.  In Richardson, the court was considering how to account for a prior crime which was a felony in Texas, but a misdemeanor in Oklahoma.  Only one jurisdiction is involved in petitioner's criminal history in this case.  The Kansas court determined that the 1994 adjudication should be considered a "person" crime on the basis of its review of the Kansas statutes and the record, not on the basis of a foreign jurisdiction's law.

Finally, petitioner contends that a juvenile adjudication is not a criminal conviction or a criminal act.  This argument was rejected by the Kansas Supreme Court in Hitt.  Quoting State v. LaMunyon, 911 P.2d 151, 152 Syl.4 (1996), the court noted:

> "Considering a juvenile adjudication in calculating an offender's criminal history score under the KSGA does not turn that adjudication into a criminal act.  The terms 'criminal act' and 'criminal history score' simply mean different things."

42 P.3d at 738.  We reject the argument here as well.

C.   Involuntary blood test

11

The third argument made by petitioner is that a constitutional error was committed when the trial court permitted evidence of petitioner's blood-alcohol content to be admitted because the blood sample was taken over petitioner's objection and pursuant to an unconstitutional state statute, K.S.A. 8-1001(f)(1) (Supp. 2000). Petitioner argues that K.S.A. 8-1001(f)(1) (Supp. 2000) is unconstitutional because it does not require probable cause of a criminal violation before commanding a person to submit to a breath, blood or urine test for alcohol content.

The Kansas Supreme Court rejected this argument on direct appeal for two reasons. First, the court held that there was ample probable cause under the facts of this case to direct a blood test. <u>State v. Hobbs</u>, 71 P.3d 1140, 1144 (2003). The court noted the evidence that petitioner smelled of alcohol and his eyes were watery and bloodshot. The court also noted that there were two beer cans and an unopened bottle of beer in the vehicle petitioner was driving. Petitioner has emphasized that he did not encounter the officers until approximately three hours after the collision in this case, and that during the period after the collision petitioner could have ingested alcohol. We agree with the conclusion of the Kansas Supreme Court. A warrantless blood test can be compelled without

12

consent if there is probable cause and exigent circumstances to justify it.  See Marshall v. Columbia Lea Regional Hospital, 345 F.3d 1157, 1172 (2003) citing Schmerber v. California, 384 U.S. 757 (1966).  A probable cause finding does not have to negate every possible innocent explanation for suspected criminal conduct.  See U.S. v. Sparks, 291 F.3d 683, 688 (10th Cir. 2002). We find that there was probable cause to believe that petitioner was driving while intoxicated, and that drinking may have played a role in reckless driving whether or not petitioner was legally intoxicated.    Petitioner   does   not   assert   that   exigent circumstances were missing.   Therefore, petitioner's objection to the statute is not pertinent to the situation before the court.

The Kansas Supreme Court also held that the blood/alcohol evidence did not lead to the convictions in this case or cause prejudice   to   petitioner.    Petitioner   was   acquitted   of involuntary manslaughter while driving under the influence and of second degree murder.  We agree with this conclusion of the Kansas Supreme Court.

Finally, we find that petitioner's argument for relief is foreclosed by Stone v. Powell, 428 U.S. 465 (1976).  There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state

13

prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial."   428 U.S. at 494. Petitioner litigated this issue through the Kansas Supreme Court.   His argument that the blood evidence was obtained unconstitutionally was rejected.   He has no recourse to challenge that conclusion in this federal habeas proceeding. See <u>Mitchell v. Goldsmith</u>, 878 F.2d 319, 323 (9th Cir. 1989); see also, <u>Woolery v. Arave</u>, 8 F.3d 1325, 1328 (9th Cir. 1993) <u>cert. denied</u>, 511 U.S. 1057 (1994).

> D.   <u>Witness subpoenas</u>

Petitioner's next contention is that his constitutional rights were violated because the prosecution was permitted to mail subpoenas to out-of-state residents to obtain their testimony at trial in violation of the Uniform Act to Secure Attendance of Witnesses From Without State, K.S.A. 22-4201 <u>et seq</u>.   We disagree with this contention.   The Uniform Act is permissive, not mandatory; it is for the benefit of witnesses, not parties to litigation.   <u>Forbes v. State</u>, 810 N.E.2d 681, 684 (Ind. 2004).   The prosecution did not have to comply with the statute before presenting the testimony of out-of-state witnesses if those witnesses waived the requirements of the act. In <u>Forbes</u>, the court observed that, "Nothing prohibits a witness

from voluntarily responding to a request to cross the state line to testify." <u>Id</u>. We find no grounds here to hold that petitioner's federal constitutional rights were violated by a failure to comply with K.S.A. 22-4201 <u>et seq</u>.

E.   <u>Ineffective assistance of counsel</u>

Petitioner's fifth claim is that he was denied effective assistance of counsel.  Petitioner describes five examples of deficient performance:  1)failing to object to evidence that petitioner had been involved in a fight at the music concert before the collision; 2) failing to preserve a <u>Miranda</u> issue for appeal; 3) failing to introduce expert testimony that petitioner was in shock at the time of his arrest and flight from the scene of the collision; 4) failing to introduce evidence that petitioner was not intoxicated at the time of the collision; and 5) failing to introduce evidence that the collision occurred at an intersection previously deemed hazardous and dangerous by the Kansas Department of Transportation.

Petitioner raised his ineffective assistance of counsel claims in his state habeas petition and appealed the denial of that petition to the Kansas Court of Appeals.  He did not, however, seek review of that decision by the Kansas Supreme Court.  This constitutes procedural default of his ineffective assistance claims.

15

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). See also, O'Sullivan v. Boerckel, 526 U.S. 838, 842-45 (1999) (when prisoner alleges state conviction violates federal law, state court must have full opportunity to review claim prior to prisoner seeking federal relief). The exhaustion of state remedies requires properly presenting the claims in the highest court on direct appeal or in a post-conviction attack. O'Sullivan, 526 U.S. at 842; Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Issues are not addressed in a federal habeas proceeding if they have been "defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.) cert. denied, 514 U.S. 1115 (1995).

Petitioner has not demonstrated "cause and prejudice or a fundamental miscarriage of justice." "The fundamental miscarriage of justice exception is implicated only 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Lepiscopo v. Tansy, 38 F.3d 1128, 1131 (10th Cir. 1994) cert. denied, 514 U.S. 1025 (1995) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

16

Petitioner has not referred the court to evidence or omissions in the record which persuade the court of a probability that he was actually innocent.  Indeed, upon reviewing the trial record, we believe there is adequate evidence to support the underlying convictions in this matter.

Beyond the question of procedural default, petitioner has not demonstrated the necessary prejudice to his case to prevail upon an ineffective assistance claim.  Ineffective assistance of counsel claims are governed by the standards in Strickland v. Washington, 466 U.S. 668 (1984).  "A petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced the petitioner's defense."  Wiggins v. Smith, 539 U.S. 510, 521 (2003).  "Deficient performance" is proven by demonstrating that counsel's performance "fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  "Prejudice" is proven by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Upon our review of the record, there is no reasonable probability that the alleged errors described by petitioner, separately or cumulatively, would have changed the result of petitioner's trial.  Additionally, regarding the Miranda issue, the evidence before the state court was that

17

petitioner volunteered statements to police officers.  The use of these statements in a criminal trial did not violate the _Miranda_ rule or petitioner's right against self-incrimination. _U.S. v. Torres-Guevara_, 147 F.3d 1261, 1266 (10th Cir. 1998); _U.S. v. Davis_, 40 F.3d 1069, 1078 (10th Cir. 1994) _cert. denied_, 514 U.S. 1088 (1995).

Finally, regarding the alleged evidence as to petitioner being in shock, the court does not believe there is a reasonable probability that petitioner could have demonstrated that petitioner was unaware that he had been in an accident that resulted in damage to a vehicle.  Without showing such an absence of awareness, petitioner could not avoid a conviction for leaving the scene of an accident under K.S.A. 8-1603.  See _City of Overland Park v. Estell_, 653 P.2d 819, 823 (Kan.App. 1982).

### F.  Coroner's report of death

Petitioner's final contention is that he was "unconstitutionally prejudiced" when the trial court precluded counsel from placing into evidence a coroner's report of death which listed the victim's cause of death as "accidental."  The Kansas Supreme Court on direct review concluded that it was error to block the admission of the report of death.  That court, however, determined that the error was harmless.  This

18

court agrees.  Petitioner was found guilty of an unintentional killing done by a reckless act.  The report of death was not inconsistent with this finding.  Therefore, the exclusion of the report of death was not harmful or prejudicial to petitioner. We further agree with respondent that this evidentiary miscue does not rise to the level of importance to require habeas relief.  See Tucker v. Makowski, 883 F.2d 877, 881 (10th Cir. 1989) (quoting Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir. 1979): "[S]tate court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.")).

IV.  Conclusion

In conclusion, for the above-stated reasons, the court shall deny the petition for relief under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

Dated this 8th day of November, 2006 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

19